## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**BOBBIE JEAN TENHOVE**
   **Plaintiff,**

 v.              Case No. 12-C-0627

**CAROLYN W. COLVIN,**
**Acting Commissioner of the Social Security Administration**
   **Defendant.**

## DECISION AND ORDER

  On February 26, 2013, I reversed the Acting Commissioner's decision denying plaintiff Bobbie Jean Tenhove's application for social security disability benefits, remanding the matter for further proceedings under 42 U.S.C. § 405(g), sentence four. On May 10, 2013, plaintiff filed a motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

  Under the EAJA, the prevailing party in a civil suit against the United States may on timely application obtain attorney's fees if the government's position was not "substantially justified" and no "special circumstances" would make an award unjust. See 28 U.S.C. § 2412(d)(1); Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009). Because I remanded the matter pursuant to § 405(g), sentence four, and directed that judgment be entered in her favor, plaintiff is the prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Plaintiff's motion is timely, and the Commissioner concedes that her position was not substantially justified.

  The Commissioner does contest the amount of plaintiff's request, however. A litigant

seeking EAJA fees must demonstrate that her request is reasonable, both as to the rate and the number of hours requested, see, e.g., Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (citing Hensley v. Eckerhart, 461 U .S. 424, 437 (1983); Hanrahan v. Shalala, 831 F. Supp. 1440, 1450 (E.D. Wis. 1993)), and various statutory and judicially-created rules permit the district court to limit fees awarded to a prevailing party, Uphill v. Barnhart, 271 F. Supp. 2d 1086, 1091 n.5 (E.D. Wis. 2003).  For instance, the court may decline to award fees where special circumstances would make the award "unjust."  The case law and legislative history suggest that equitable considerations should inform a court's decision on this issue. Id.  Section 2412(d)(1)(C) of the EAJA further provides that the court may reduce or deny fees "to the extent that the prevailing party . . . engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."  Finally, the Supreme Court in Hensley, 461 U.S. at 433-36, indicated that district courts may exclude from the fee calculation hours that were not reasonably expended.

In the present case, the Commissioner relies on Hensley's reasonableness standard and the "special circumstances" provision of the EAJA in specifically seeking to excise two blocks of time.  First, the Commissioner seeks to deduct 1.1 hours plaintiff's counsel spent requesting extensions of time to file briefs.  Second, the Commissioner seeks to deduct 11.2 hours counsel spent on the merits stage reply brief responding to the Commissioner's charge that plaintiff misstated the applicable standard of review in her main brief.[1]

---

[1]The Commissioner does not contest plaintiff's proposed hourly rates, which are based on the Consumer Price Index-Urban ("CPI-U").  Use of the CPI-U to calculate a cost of living increase over the base rate in the EAJA has been accepted in this district, and I find plaintiff's requested hourly rates reasonable.  See Lechner, 330 F. Supp. 2d at 1011.

2

**1.     Extensions of Time**

Time spent obtaining extensions may be excised, see, e.g., Burr v. Bowen, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992), and in this case plaintiff agrees to trim $147.90 for time spent on motions to extend the merits stage reply brief. (R. 35 at 1-2.) However, the Commissioner seeks to exclude time spent on <u>all</u> extensions. On September 21, 2012, counsel spent .3 hours requesting an extension on plaintiff's main brief; on September 24, 2012, she spent .1 hours reviewing my order granting the extension. She bills this time at a rate of $185.78/hour. On January 4, 2013, counsel spent .3 hours requesting an extension on her reply brief; on January 7, 2013, she spent .1 hours reviewing the order granting this request;[2] on January 11, 2013, she spent .3 hours requesting a second extension on the reply brief; and on January 14, 2013, she spent .1 hours reviewing the order granting the second extension. She bills this time at a rate of $184.87/hour. Although time spent on extensions is not automatically or even presumptively excludable, see, e.g., Samuel v. Barnhart, 316 F. Supp. 2d 768, 779-80 (E.D. Wis. 2004), because counsel makes no effort to defend the multiple extensions she received in this case I will excise this time: (.4 x 185.78 = $74.41) + (.8 x 184.87 = 147.90) = $222.21.

**2.     Reply Brief/Standard of Review**

At the merits stage, the Commissioner argued that plaintiff in her main brief misstated the applicable standard of review in five respects. About ½ of plaintiff's merits stage reply brief was devoted to responding to this criticism. (See R. 27 at 1-6.) However, I did not address the issue in my merits decision, finding it unnecessary to do so.

---

[2]Counsel did not itemize this time on her billing statement, but in the EAJA reply brief she agrees that she spent .1 hours reviewing the extension order on January 7, 2013. (R. 35 at 2.) I therefore include this time in the block the Commissioner seeks to excise.

3

In her EAJA response, the Commissioner argues that plaintiff's counsel should not be compensated for time spent defending her misstatements. However, the 11.2 hours the Commissioner seeks to exclude represents <u>all</u> of the time counsel spent on the reply brief, not just the standard of review issue. The Commissioner contends that counsel's time logs and declarations state that counsel spent these 11.2 hours responding to the standard of review argument. On review of the billing statement, I cannot agree.

On January 3, 2013, counsel spent 3.2 hours researching the standard of review challenge. On January 7, 2013, counsel spent 2.0 hours conducting research for the reply brief.[3] On January 17, 2013, counsel spent 3.1 hours drafting the reply, and on January 18, 2013, she spent 2.8 hours finalizing and filing the reply brief. Thus, of this 11.1 hours, just 3.2 hours was, per the billing record, specifically dedicated to the standard of review issue. The Commissioner notes that in her January 4 and 11, 2013 extension requests, counsel indicated that she needed more time to research the standard of review issue. (<u>See</u> R. 22 at 1 ¶ 3; R. 25 at 1 ¶ 3.) However, counsel also justified the first extension by noting that she had taken several days of vacation and that she had to perform extensive work for a ward for whom she was guardian (R. 22 at 1 ¶¶4-5), and the second extension by citing illness (R. 25 at 1 ¶ 4). Thus, while it is true that counsel spent 2.0 hours on research on January 7, 2013, and then a total of 5.9 hours on January 17 and 18, 2013, drafting the reply brief, I cannot assume that all of that time was devoted to the standard of review issue. Counsel also discussed RFC and credibility issues in the merits stage reply brief. (R. 27 at 6-10.) The Commissioner fails to

---

[3]The entry for this day is 2.1 hours, but as discussed in note 2, <u>supra</u>, .1 hours were spent reviewing the order granting an extension of time. (I have already deducted this .1 hours, leaving 11.1 hours at issue.) Unlike the January 3, 2013 entry, the entry on January 7, 2013, does not specify the issues to which the research pertained.

4

otherwise explain why, even assuming that counsel misstated the standard of review in some respects, counsel should lose <u>all</u> of her time spent on the reply brief.

In any event, the Commissioner overstates the extent of counsel's errors. It is true that counsel failed to provide a pinpoint cite for <u>INS v. Elias-Zacarias</u>, 502 U. S. 478 (1992),[4] and may have garbled the holding of that case. (<u>See</u> R. 15 at 16.) Worse, she failed to advise the court that it was the dissenting judge in <u>Bledsoe v. Richardson</u>, 469 F.2d 1288, 1292 (7th Cir. 1972) who stated that "the Social Security Act should be liberally construed in favor of disability and the intent is inclusion rather than exclusion." (R. 15 at 16.) Counsel's attribution of "the error to repetitive typing of the Standard of Review which resulted in omitting the fact it was a dissenting opinion" (R. 27 at 3) is unsatisfying. Counsel also admitted that no Seventh Circuit (majority) decision construes the Act in this fashion. (R. 27 at 3.) And as the Commissioner notes in her EAJA response, the Sixth Circuit, which did endorse such a construction of the Act decades ago, <u>see, e.g.</u>, <u>Polly v. Gardner</u>, 364 F.2d 969, 974 (6th Cir. 1966), has since backed away from it, <u>see, e.g.</u>, <u>Smith v. Chater</u>, 99 F.3d 780, 781 n.2 (6th Cir. 1996). Counsel should be more careful in her drafting.

However, I cannot criticize counsel for her other citations on the standard of review issue. Courts in this circuit have cited <u>Binion ex rel. Binion v. Chater</u>, 108 F.3d 780, 782 (7th Cir. 1997) for the proposition that if the ALJ commits an error of law reversal is required

---

[4]In her merits stage reply brief, plaintiff indicated that the pinpoint cite was page 480 (R. 27 at 1), and that her proposed standard in the main brief gained support in <u>NLRB v. Columbian Enameling & Stamping Co.</u>, 306 U. S. 292, 299-300 (1939), cited by <u>Elias-Zacarias</u> on that page (R. 27 at 2). However, page 480 of the <u>Elias-Zacarias</u> opinion set forth the procedural history of the case; the Court's discussion of the standard of review, including its citation to <u>Columbian Enameling</u>, came on page 481. Further, plaintiff did not include a citation to <u>Columbian Enameling</u> in her main brief. (R. 15 at 16.)

5

regardless of the volume of evidence in support of the factual findings, without specifically limiting that statement to the ALJ's application of state law rather than disability regulations. See, e.g., McCollum v. Astrue, No. 07-CV-1016, 2012 WL 4760722, at *4 (E.D. Wis. Oct. 5, 2012) (Stadtmueller, J.); Freeman v. Astrue, 816 F. Supp. 2d 611, 615 (E.D. Wis. 2011) (Clevert, J.); Haase v. Astrue, No. 09-C-1084, 2010 WL 3418250, at *2 (E.D. Wis. Aug. 27, 2010) (Griesbach, J.); Ramos v. Astrue, 674 F. Supp. 2d 1076. 1080 (E.D. Wis. 2009) (Adelman, J.); see also Robinson v. Astrue, 667 F. Supp. 2d 834, 840 (N.D. Ill. 2009). Likewise, courts have cited Prince v. Sullivan, 933 F.2d 598, 602 (7th Cir. 1991) for the proposition that the ALJ may commit legal error if he fails to comply with the SSA's regulations and rulings. See, e.g., Mathes v. Astrue, No. 10-C-0940, 2012 WL 1108649, at *2 (E.D. Wis. Mar. 31, 2012); Emanuele v. Astrue, 803 F. Supp. 2d 959, 961 (E.D. Wis. 2011); Borth v. Commissioner of Social Security, No. 08-cv-1352, 2010 WL 786007, at *7 (C.D. Ill. March 4, 2010); Freeman, 816 F. Supp. 2d at 615; Brown v. Barnhart, 298 F. Supp. 2d 773, 779 (E.D. Wis. 2003). Finally, courts have cited Rohan v. Chater, 98 F.3d 966, 971 (7th Cir. 1996), for the proposition that the ALJ's decision must demonstrate the path of his reasoning, and the evidence must lead logically to his conclusion. See, e.g., Dykes v. Astrue, No. 1:12-cv-00370, 2013 WL 125164, at *4 (S.D. Ind. Jan. 8, 2013); Plumb v. Astrue, No. 4:10-CV-6, 2011 WL 3610647, at *2 (N.D. Ind. Aug. 16, 2011); Varga v. Astrue, No. 10-C-0454, 2011 WL 442268, at *9 (E.D. Wis. Feb. 2, 2011); Ferreira v. Astrue, No. 08-C-0523, 2010 WL 3062644, at *3 (E.D. Wis. July 30, 2010); Baker ex rel. Baker v. Barnhart, 410 F. Supp. 2d 757, 761 (E.D. Wis. 2005). Counsel did not misstate the standard of review on these issues, and I cannot fault her for spending time in the reply brief responding to the Commissioner's contention.

Of the five misstatements the Commissioner alleged, two qualify as errors on the part

6

of plaintiff's counsel. Thus, even if counsel spent the entire 11.1 hours working on the standard of review issue, it would not be reasonable or equitable to lop off all of this time. I do find it appropriate to reduce counsel's time proportionate to the errors she made, which increased the amount of time she otherwise would have spent on the reply brief. See 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."). Counsel spent 3.2 hours researching the standard of review issue only. She spent 2.0 hours on general research and 5.9 hours drafting the reply brief, for a total of 7.9 hours. As indicated, approximately ½ of the reply brief was devoted to the standard of review issue, and it is reasonable to conclude that 40% (representing two of the five misstatements alleged by the Commissioner) of that time relates to counsel's errors. I will accordingly reduce the time as follows: (3.2 x .4 = 1.3 hours) + (7.9 x .5 x .4 = 1.6) = 2.9 hours x 184.87 = $536.12. See Smith v. Great Am. Restaurants, Inc., 969 F.2d 430, 439 (7th Cir. 1992) (holding that when attorney's fees are appropriate, the district court may not arbitrarily reduce the number of hours requested; if the court reduces hours it should provide a concise but clear explanation).

Finally, the Commissioner in her EAJA response contends that plaintiff "should also be denied any fees for her reply to this brief based on the argument detailed herein." (R. 34 at 4.) Time spent on an EAJA reply may be compensable, see Commissioner, INS v. Jean, 496 U.S. 154, 162 (1990); Lechner, 330 F. Supp. 2d at 1013, and the 4.3 hours plaintiff's counsel seeks for her reply seems in line with other cases, see Salaam v. Astrue, No. 08-C-0238, 2009 WL 382747, at *2 (E.D. Wis. Feb. 10, 2009) (collecting cases). The Commissioner provides no

basis for denying any EAJA reply fees. In line with my previous conclusion, I find it appropriate to trim the EAJA reply by 40% of ½, reflecting the continuing contribution of counsel's errors to protracting final resolution of this case: (4.3 x .5 x .4 = .9 x 186.68 = $168.01).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for attorney's fees is **GRANTED**, as stated herein, in the total amount of $7165.58 (8091.92 – 222.21 – 536.12 – 168.01). These fees are awarded to plaintiff and not her attorney and can be offset to satisfy pre-existing debts that the litigant owes the United States under Astrue v. Ratliff, 130 S. Ct. 2521 (2010). If counsel for the parties verify that plaintiff owes no pre-existing debt subject to offset, the Acting Commissioner shall direct that the award be made payable to plaintiff's attorney pursuant to the EAJA assignment duly signed by plaintiff and counsel.

Dated at Milwaukee, Wisconsin this 24th day of July, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge